United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC CHAMBERS,<br><br>    Petitioner,<br><br>  v.<br><br>GARY SWARTHOUT,<br><br>    Respondent.<br>_____/ | No. C 13-3303 WHA (PR)<br><br>**ORDER TO SHOW CAUSE**;<br>**GRANTING LEAVE TO FILE**<br>**AMENDED PETITION AND TO**<br>**PROCEED IN FORMA PAUPERIS**<br><br>(Dkt. 3, 4) |

## INTRODUCTION

Petitioner, a California prisoner, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. For the reasons discussed below, respondent is ordered to show cause why the petition should not be granted, and petitioner's motion for leave to file an amended petition and application for leave to proceed in forma pauperis are granted.

## STATEMENT

In 2002, petitioner was convicted of attempted robbery and related offenses in Santa Clara County Superior Court. He was sentenced to a term of 28 years and four months in state prison. His appeals were denied by the California Court of Appeal and the California Supreme Court in 2003. In 2007, his habeas petitions were denied in all three levels of the California courts.

//

**ANALYSIS**

**A.    STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2© of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. 2254.  "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**B.    LEGAL CLAIMS**

Pursuant to Rule 15(a) f the Federal Rules of Civil Procedure, petitioner is granted leave to file an amended petition.

The amended petition sets forth the following claims: (1) that the prosecutor's knowing presentation of false testimony violated his right to due process, and that the falsity of this testimony shows petitioner's "actual innocence;" and (2) that appellate counsel was ineffective in failing to investigate and report the witness's statements that her testimony had been coerced and was false. When liberally construed, these claims are sufficient to warrant an answer from respondent.

**CONCLUSION**

1. The clerk shall mail a copy of this order and the <u>amended petition</u> with all attachments to the respondent and the respondent's attorney, the Attorney General of the State of California.  The clerk shall also serve a copy of this order on the petitioner.

2. Respondent shall file with the court and serve on petitioner, within ninety-one days

of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable herein. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within twenty-eight days of the date the answer is filed.

3. Respondent may file, within ninety-one days, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within twenty-eight days of the date the motion is filed, and respondent shall file with the court and serve on petitioner a reply within fourteen days of the date any opposition is filed.

4. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

5. In light of petitioner's lack of funds, his application to proceed in form pauperis (dkt. 3) is **GRANTED**. His motion for leave to file an amended complaint (dkt. 4) is **GRANTED**.

**IT IS SO ORDERED.**

Dated: September  24 , 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3